```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


MEHRI FOGLIA,                     )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )    1:12cv104 (JCC/JFA)
                                  )
JOSEPH F. CLAPPER,                )
                                  )
     Defendant.                   )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Joseph F. Clapper's Partial Motion to Dismiss [Dkt. 3] and Motion for a More Definite Statement [Dkt. 7].  For the following reasons, the Court will grant, in part, and deny, in part, Defendant's Partial Motion to Dismiss and deny Defendant's Motion for a More Definite Statement.

### I.   Background

A.   Factual Background

This case concerns an alleged incident where Plaintiff Mehri Foglia slipped and fell while descending a stairway on Defendant Joseph F. Clapper's property.  On January 18, 2010, Plaintiff entered Defendant's property in Vienna, Virginia to inspect it for purchase.  (Compl. [Dkt. 1-1] ¶¶ 1, 6.)  The property contained an interior stairway, which Plaintiff submits

1

was without a handrail on the bottom three step landing. (Compl. ¶ 13.)  Plaintiff states that as she was descending the stairway holding the handrail, the ending of the handrail indicated to her that she was on the last step.  (Compl. ¶¶ 14-16.)  Unaware of the additional three-step landing, she fell down the landing and fractured her ankle.  (Compl. ¶¶ 16-17.)  Plaintiff submits that the lighting was inadequate and she was unable to see where the stairway ended.  (Compl. ¶ 14.)

The Complaint also alleges that on October 14, 2009, Plaintiff's son requested Guardian Home Inspections, LLC to inspect the property.  (Compl. ¶ 10.)  Guardian Home Inspections concluded that an interior stairway handrail was insufficient under The Virginia Uniform Statewide Building Code (the VUSBC).  (Compl. ¶ 12.)

    B.    <u>Procedural Background</u>

On December 22, 2011, Plaintiff filed a Complaint in the Circuit Court of Fairfax, Virginia.  [Dkt. 1-1.]  And on January 30, 2011, Defendant properly removed the Complaint to this Court pursuant to its diversity jurisdiction.  [Dkt. 1.]

The Complaint contains two counts.  In Count 1, Plaintiff states that "Defendant violated the VUSBC" and, as a result of that violation, Plaintiff seeks, in part, punitive damages under Va. Code § 36-106(B).  (Compl. ¶¶ 21-22.)  The Complaint does not state which section of the VUSBC Defendant

2

allegedly violated. In Count 2, Plaintiff asserts a claim for negligence, alleging that "Defendant breached his duty of ordinary care by failing to extend the deficient handrail to the three-step landing of the stairway." (Compl. ¶ 27.) As a result of that breach, Plaintiff seeks, in part, "not less than $150,000.00." (Compl. ¶ 30.)

On January 30, 2012, Defendant filed a Partial Motion to Dismiss, in which he seeks to dismiss Count 1 of the Complaint and the claim for punitive damages. [Dkt. 3.] On February 10, 2012, Plaintiff filed a response. [Dkt. 6.] On February 17, 2012, Defendant filed a Motion for a More Definite Statement, requesting Plaintiff to state the maximum monetary award sought. [Dkt. 7.] On February 28, 2012, Plaintiff filed a response to that motion. [Dkt. 12.] The Court held a hearing on these motions on March 2, 2012.

Defendant's motions are now before the Court.

## II.  Standard of Review

A. <u>Motion to Dismiss</u>

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50.

B. <u>Motion for a More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement.  Rule 12(e) provides in

4

pertinent part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant a motion for a more definite statement is a matter "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

### III. Analysis

#### A. Motion to Dismiss

The Court turns first to Defendant's Partial Motion to Dismiss Count 1 and the claim for punitive damages.

##### a. Violation of the VUSBC

Count 1 of the Complaint is labeled "Violation of the VUSBC" and states that Defendant violated the VUSBC as Defendant "failed to extend the deficient handrail to the three-step landing at the bottom of the stairwell." (Compl. ¶¶ 21-22.) Defendant requests that Count 1 be dismissed because the "VUSBC does not provide any private cause of action." (Def.'s Mem. Motion to Dismiss (MTD) [Dkt. 4] at 2.) Plaintiff responds that it is not asserting a private cause of action under the VUSBC. (Resp. MTD [Dkt. 6] at 1.) Instead, Plaintiff argues that the Complaint "states allegations and facts sufficient to enforce a negligence *per se* claim based on Defendant's violation of the VUSBC." (*Id.*) Defendant contends that Plaintiff "has not

5

alleged even the bare factual allegations necessary to support a negligence *per se* claim."  (Def.'s Mem. MTD at 2.)

Turning first to whether the VUSBC provides a private cause of action, Virginia courts have found that "[t]he [Virginia] General Assembly has amended [the VUSBC] on many occasions, but it has never provided a private right of action." *Ripley Heatwole Co. v. John E. Hall Elec. Contr., Inc.*, 69 Va. Cir. 69, 71-72 (Va. Cir. Ct. 2005) (finding that the "Building Code was not applied to create a cause of action, but to supply the standard of care to be exercised by the contractor").  As, both parties agree that the "VUSBC does not create a private cause of action by its own terms" (Resp. MTD at 2), the Court considers whether Plaintiff has alleged facts sufficient to support a negligence *per se* claim.

"Virginia courts have consistently held that a violation of a building code or any other statute enacted to protect health, safety, or welfare is negligence *per se*."  *Guy v. Tidewater Inv. Props.*, 41 Va. Cir. 218, 225 (Va. Cir. Ct. 1996); *Henderson v. Vann*, 43 Va. Cir. 392, 395 (Va. Cir. Ct. 1997) (applying this reasoning to the VUSBC).  To establish negligence *per se*, a plaintiff must "produce[] evidence supporting a determination that the opposing party violated a statute enacted for public safety, that the proponent belongs to the class of persons for whose benefit the statute was enacted

6

and the harm suffered was of the type against which the statute was designed to protect, and that the statutory violation was a proximate cause of the injury." *Schlimmer v. Poverty Hunt Club*, 597 S.E.2d 43, 46 (Va. 2004) (citing *Halterman v. Radisson Hotel Corp.*, 259 Va. 171, 176-77 (Va. 2000) and *Va. Elec. & Power Co. v. Savoy Constr. Co.*, 224 Va. 36, 45 (Va. 1982)).

"The legislative purpose underlying [the VUSBC] is to 'protect the health, safety and welfare of the residents of this Commonwealth.'" *Rainey v. Norfolk*, 14 Va. App. 968, 973-74 (Va. Ct. App. 1992) (citing Va. Code § 36-99). Here the Complaint alleges that Defendant violated the VUSBC by failing to maintain a stair rail on the three step landing. And that as a result of that violation, Plaintiff, a resident of Virginia, suffered personal injury. These alleged facts support the inference that Defendant violated the statute and that the harm in this case is the type against which the VUSBC was designed to protect. As a result, the Court denies Defendant's Motion to Dismiss Count 1.

### b. Punitive Damages

The Complaint seeks punitive damages for the alleged violation of the VUSBC "under Va. Code. § 36-106(B)." (Compl. ¶ 22.) Section 36-106(B), states, in part,

> Violations of any provision of the Building Code, adopted and promulgated pursuant to § 36-103, that results in a dwelling not being a safe, decent and sanitary dwelling, as defined in § 25.1-400, in a locality where the local governing body has taken official

7

> action to enforce such provisions, shall be
> deemed a misdemeanor and any owner or any
> other person, firm, or corporation convicted
> of such a violation shall be punished by a
> fine of not more than $ 2,500.

As Plaintiff conceded at the hearing, Va. Code. § 36-106(B) does not provide a basis for punitive damages. The Court will construe the claim for punitive damages as one that arises under common law.

"A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Woods v. Mendez*, 265 Va. 68, 76 (Va. 2003) (citing *Huffman v. Love*, 245 Va. 311, 314 (Va. 1993) and *Booth v. Robertson*, 236 Va. 269, 273 (Va. 1988)). "Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Woods*, 265 Va. at 76-77.

The Supreme Court of Virginia explains that "[t]he difference between ordinary negligence and gross negligence is one of degree; however, the difference between any form of negligence and causes of action for willful and wanton conduct, reckless conduct, or intentional misconduct is a matter of kind." *Green v. Ingram*, 269 Va. 281, 292 (Va. 2005). The

8

Supreme Court of Virginia has noted that "'[n]egligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive.'" *Id.* (quoting *Boward v. Leftwich*, 197 Va. 227, 231 (Va. 1955)). And it has explained that "[i]ll will is not a necessary element of willful and wanton negligence." *Id.* Finally, Virginia courts have noted a "general reluctance to allow punitive damages in run-of-the-mill personal injury cases" and look to an "egregious set of facts." *Booth*, 236 Va. at 273.

Plaintiff fails to allege a set of facts from which one can infer that Defendant acted with purpose or design or with reckless indifference to the consequences. The only seemingly relevant allegation in the Complaint is that a "home inspector found the stairway handrail length was insufficient under the [VUSCB]."[1] (Compl. ¶ 12.) Plaintiff fails, however, to makes any allegation as to the timing of the home inspector's conclusion or Defendant's knowledge of the conclusion. The Court finds that this statement alone does not rise to the level where one could infer that Defendant had conscious awareness of the danger, and probable consequences of his actions, and recklessly decided to proceed notwithstanding that awareness. *See ICM Enters., L.C. v. 1425 E. Cary St. Assocs.*, 64 Va. Cir.

---

[1] Plaintiff also cites to the following paragraph of the Complaint as support: "The deficient handrail was an unsafe condition known to Plaintiff. Therefore, he had a duty to foresee possible injury and warn Plaintiff that the handrail was unsafe . . . ." (Compl. ¶ 26.) This fails to state that it was an unsafe condition known to Defendant and is otherwise a conclusory statement.

9

237, 240 (Va. Cir. Ct. 2004) (sustaining a demurrer on punitive damages because although plaintiffs pleaded that the defendants were on notice of the condition of their property and intentionally took no action to correct the problem, plaintiffs failed to plead facts that would sustain an award of punitive damages). Thus, Defendant's Motion to Dismiss is granted with respect to the claim for punitive damages.

### B. Motion for a More Definite Statement

Defendant, pursuant to Federal Rule of Civil Procedure 12(e), also seeks a more definite statement on the monetary award, arguing that the Complaint's statement of an award "not less than $150,000.00" does not allow Defendant to reasonably prepare a response to the Complaint. (Def.'s Mem. More Definite Statement (MDS) [Dkt. 8] at 1.) This Court disagrees.

First, the pleading here is not "so vague or ambiguous" that Defendant cannot reasonably prepare a response. The Complaint complies with Federal Rule of Civil Procedure 8(a)(3), as it states a concise demand for relief including "any and all damages," "punitive damages," "costs of [the] action, including reasonable attorneys' fees," and "damages the Court deems just and proper." (Compl. ¶¶ 2, 30.)

Second, Defendant seeks more from Federal Rule of Civil Procedure 54(c) than it can offer. Defendant's argument that Plaintiff should be required to "put a ceiling on his claim

10

for a monetary award" (Def.'s Mem. MDS at 1), relies on the text of Federal Rule of Civil Procedure 54(c). The rule states, in part, that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. Pro. 54(c). The Court does not read this language to create a generalized pleading rule that requires all complaints to include a maximum amount demanded. Although that 54(c) might limit default judgments to the maximum amount pled, it does not necessarily follow that all plaintiffs must plead a maximum amount of monetary damages. And the Court does not find any precedent that requires the interpretation Defendant seeks. Nothing in *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007), suggests that the Second Circuit, when considering whether a plaintiff seeking a default judgment could obtain prejudgment interest if such interest was not pleaded in the complaint, intended to create such a generalized rule. And, Defendant's reliance on *Dashner v. Brinker Int'l, Inc.*, No. 99-26-DRH, 1999 U.S. Dist. LEXIS 21424, at *3-4 (S.D. Ill. Mar. 19, 1999), is misplaced. In that case the court granted a motion for a more definite statement where plaintiff failed to include a statutorily required ad damnum clause. Defendant fails to point to any similar statute in this case.

**IV. Conclusion**

For the reasons stated above, the Court will deny the Partial Motion to Dismiss with respect to the dismissal of Count I of the Complaint, but grant it with respect to the claim for punitive damages.  And the Court will deny the Motion for a More Definite Statement.

An appropriate Order will issue.

|  |  |
|---|---|
| March 7, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |