IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MEHRI FOGLIA,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )     1:12cv104 (JCC/JFA)
                                 )
JOSEPH F. CLAPPER,               )
                                 )
        Defendant.               )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Joseph F. Clapper's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Brad Strange.  [Dkt. 30.]  For the following reasons, the Court will deny Defendant's Motion.

### I.  Background

This case concerns an alleged incident where Plaintiff Mehri Foglia slipped and fell while descending a stairway on Defendant Joseph F. Clapper's property.  The facts are reviewed in this Court's March 7, 2012, Memorandum Opinion and Order, in which the Court dismissed Plaintiff's claim for punitive damages and denied Defendant's motion to dismiss with respect to Count I and motion for a more definite statement.  [Dkts. 16, 17.]

On February 1, 2012, an order was entered directing the parties to complete discovery by May 11, 2012.  [Dkt. 5.]

The discovery plan stated that the Plaintiff should make Rule 26(a)(2) disclosures by March 19, 2012.  On March 19, Plaintiff submitted her disclosure.  [Dkt. 30-1.]  It named Brad Strange as an expert and stated:

> Mr. Strange is a Virginia state certified home inspector who is expected to testify regarding the defectiveness of the handrail and stairway on Defendant's property, which led to Plaintiff's fall on the day she visited the property as a business invitee. Specifically, Mr. Strange will testify that the stair handrail was serviceable and additional handrailing was required under the Virginia Uniform Statewide Building Code.

On April 16, 2012, Defendant took the deposition of Brad Strange.  [Dkt. 30-2.]  Following the deposition, Defendant requested that Plaintiff withdraw Mr. Strange as an expert witness due to a perceived inconsistency between his deposition testimony and the Rule 26 disclosure.  [Dkt. 30-3.]  On April 19, 2012, Plaintiff filed an "Amendment to Previous Expert Witness Disclosures."  [Dkt. 27.]  The new disclosure states:

> Mr. Strange is a certified home inspector who is expected to testify regarding the defectiveness of the handrail on Defendant's property.  Specifically, Mr. Strange will testify that upon inspection, he determined that additional handrail should be installed pursuant to his experience as a home inspector, information obtained from journals and observation of standard building practices.  Mr. Strange will also testify that in his opinion the lack of additional handrailing created a safety concern.

Neither of the disclosures related to Mr. Strange incorporated or referenced other documents.  On April 27, 2012, Defendant filed a Motion in Limine to Exclude the Testimony of Plaintiff's Expert Brad Strange.  [Dkt. 28.]  Defendant argues that the amended disclosure is untimely and deficient.  [Dkt. 30.] Plaintiff filed a Response in opposition on May 9, 2012 [Dkt. 33] and Defendant filed a Reply on May 10, 2012 [Dkt. 34].

## II.   Standard of Review

Federal Rule of Civil Procedure 26 governs expert witnesses and states:

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P 26(a)(2)(C).  A party that fails to disclose information required by Rule 26(a) is not permitted to use as evidence at trial any information not so disclosed, unless the failure was substantially justified or is harmless.  *See* Fed. R. Civ. P. 37(c)(1).

## III.   Analysis

Defendant argues Plaintiff's amended disclosure is untimely and facially deficient.  First, regarding the timing, the initial Rule 26 disclosure was made in a timely fashion and

3

so the Defendant was aware of the witness as an expert and had
an opportunity to depose him.   The only issue is that the
untimely amended disclosure amended the summary of the facts and
opinions.   The expert disclosure requirements of Rule 26 are
designed "to provide opposing parties reasonable opportunity to
prepare for effective cross examination and perhaps arrange for
expert testimony from other witnesses." *Reese v. Herbert*, 527
F.3d 1253, 1266 (11th Cir. 2008) (quotation and citation
omitted).   Plaintiff provided the amended summary of facts and
opinions almost a month before the close of discovery.   Thus, if
Defendant decided he needed to re-depose Mr. Strange, there was
plenty of time remaining within the discovery period to do so.

        Moreover, Mr. Strange's new opinions, although
substantially different from the perspective of the law, are not
significantly different for the purposes of deposition
questioning.   In effect, they are simply his old opinions just
ratcheted down.   Instead of holding the opinion that the lack of
railing violated Virginia code and led to the Plaintiff's fall,
he now holds the opinion that the lack of railing should be
installed based on his experience and that it created a safety
concern.[1]   Thus, it is likely that Defendant's original
deposition covered the relevant information and, thus, Defendant

---

[1] Defendant argues that Mr. Strange appears to "assert a new opinion that
'additional handrail should be installed' on the stairway."  (Mem. [Dkt. 30]
at 4.)  The Court disagrees that this is new in any meaningful sense, as the
original disclosure indicated that Mr. Strange held the opinion that
"additional handrailing was required under the Virginia Uniform Statewide
Building Code."

suffered minimal prejudice.  As a result, the Court finds that the amended disclosure is harmless.

In considering Defendant's argument that the disclosure is deficient, Defendant argues that there is no detail on which journals or standard building practices Mr. Strange relied upon or any measurements for the additional handrailing.  Defendant was not, however, prejudiced by this lack of detail, because Defendant had plenty of time to re-depose Mr. Strange if need be.  Defendant's remaining challenges attack the credibility of Mr. Strange as a witness.  He is, however, of course subject to cross-examination as to his opinions and any alleged inaccuracies.

### IV.  Conclusion

For the reasons stated above, the Court will deny Defendant's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Brad Strange.

An appropriate Order will issue.


_____/s/_____
May 15, 2012                     James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE