IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MEHRI FOGLIA,<br>    a/k/a Mehri Keshmirian | )<br>)<br>) |
|     Plaintiff, | )<br>) |
|         v. | )   1:12cv104 (JCC/TCB)<br>) |
| JOSEPH F. CLAPPER, | )<br>) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Joseph F. Clapper's Motion for Summary Judgment [Dkt. 43] and Motion to Exclude Plaintiff's Expert Brad Strange (the "Motion to Exclude") [Dkt. 47].  For the following reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Defendant's Motion to Exclude as moot.

**I.  Background**

This case arises out of a slip and fall accident that occurred while Plaintiff was descending an interior stairway on Defendant's premises.

    A.  Factual Background

As a preliminary matter, the Court notes that Local Rule 56(B) imposes various requirements on parties' summary judgment briefing.  The rule provides as follows:

1

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Local R. 56(B).

Plaintiff has failed to comply with the requirements applicable to her opposition. While Plaintiff's opposition includes a section titled "Statement of Disputed Material Facts," that section does not identify which of the material facts asserted by Defendant as undisputed are thought by Plaintiff to be in dispute. Plaintiff also fails to provide record citations for all but one paragraph. (*See* Pl.'s Statement of Disputed Facts ("Pl.'s Facts") [Dkt. 50] ¶¶ 1-14.) The one paragraph that does cite to record evidence is, according to Defendant, misleading. (*See* Pl.'s Facts ¶ 15.)[1] In

---

[1] Specifically, paragraph 15 of Plaintiff's Statement of Disputed Facts states that "[i]n the summer of 2007, prior to Plaintiff's fall, another individual has fallen at the stairs *in a manner similar to Plaintiff*." (Pl.'s Facts ¶ 15. (emphasis added).) Plaintiff cites Defendant's Answer to Interrogatory #

2

addition, a number of paragraphs consist of argument (*see* Pl.'s Facts ¶¶ 1, 5-8, 11), which has no place in the facts section of an opposition. As such, Plaintiff has not effectively disputed Defendant's Statement of Undisputed Material Facts. Accordingly, those facts identified by Defendant which are properly supported by citation to the record are deemed admitted in accordance with Local Rule 56(B). *See Lake Wright Hospitality, LLC v. Holiday Hospitality Franchising, Inc.*, No. 2:07cv530, 2009 WL 2606254, at *3-4 (E.D. Va. Aug. 20, 2009) (accepting defendants' facts as admitted where the plaintiff made similar mistakes in its opposition); *see also BIS Computer Solutions, Inc. v. Halifax Corp.*, No. 3:05cv470, 2006 WL 268803, at *3 (E.D. Va. Jan. 27, 2006) (accepting the defendant's facts as admitted where the plaintiff failed to support its "undisputed facts" with citations to the record).

Having resolved this preliminary matter, the Court proceeds to summarize the undisputed facts in this case. Plaintiff Mehri Foglia ("Plaintiff") alleges that she suffered injuries on January 18, 2010, as a result of a fall at a property then owned by Defendant Joseph F. Clapper in Vienna, Virginia (the "property"). (Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") [Dkt. 45] 1; Compl. [Dkt. 1-1] ¶¶ 1, 3,

---

17 in support of this contention. However, according to Defendant, he expressly objected to the phrase, "same manner as Plaintiff's fall," and simply stated that in the summer of 2007, another individual fell on the stairs. (Reply [Dkt. 52] 2 n.1 (quoting Def.'s Resp. to Pl's Interrog. # 17).)

17-18.) Specifically, Plaintiff alleges that as she was descending an interior stairway, she fell and suffered a fracture to her left heel. (Def.'s Mem. 1; Compl. ¶¶ 14-18.)

The stairway consists of sixteen steps. (Def.'s Mem. Exs. 3, 4.) At the bottom of the stairway, there is a three-step landing. (*Id.*) On the right descending side of the landing, the three steps are wider than the others and rounded. (*Id.*) There is also a continuous handrail on the right descending side of the stairway. (*Id.*) On the third step from the bottom, where the landing begins, the handrail makes a 180-degree turn and extends to the bottom. (*Id.*) Plaintiff alleges that she fell where the handrail makes its 180-degree turn, which indicated to her that she was on the last step when, in fact, she was not. (Compl. ¶¶ 15-17.)

At the time of the incident, Plaintiff, along with her son, Marc Foglia and daughter-in-law, Hind Foglia, were parties to a real estate contract to purchase the property from Defendant. (Def.'s Mem. 1-2.) On October 14, 2009, Brad Strange of Guardian Home Inspections, LLC performed an inspection of the property for the purchasers. (Def.'s Mem. 2.) Mr. Strange produced a report that same day, which indicated: "Interior stairs serviceable, Stair handrail serviceable. Additional handrailing required when greater than 4' wide. Add rail on lower stairs along bare wall." (Def.'s Mem. 2; Def.'s

4

Mem. Ex. 2, at 20.)  At his deposition, Mr. Strange was unable to affirm that there is a code requirement for an additional handrail at the bottom of the stairway.  (Strange Dep. [Dkt. 45-6] 60:14-62:12.)  He stated, however, that he believed an additional handrail should be present at the base of the stairs on the side opposite the existing handrail to aid persons ascending the stairway.  (Def.'s Mem. 5; Strange Dep. 65:20-20-66:1.)

On January 18, 2012, Plaintiff was present at the property, along with Marc and Hind Foglia, to test the house's heating system.  (Def.'s Mem. 3; Foglia Dep. [Dkt. 45-7] 24:3-7, 25:8-26:20.)  Defendant was present as well.  (Def.'s Mem. 3; Foglia Dep. 26:21-27:1.)  Upon entering, Defendant engaged the heating system, while Plaintiff and Hind Foglia went upstairs.  (Def.'s Mem. 3; Foglia Dep. 29:2-13, 33:22-5.)  Plaintiff ascended the stairs without incident.  (Def.'s Mem. 3; Foglia Dep. 37:2-12.)  Plaintiff then descended the stairs, but stated in her deposition that she could not see anything because it was too dark.  (Def.'s Mem. 3; Foglia Dep. 47:9-14.)  It is undisputed that there is a wall sconce above the top landing of the stairs and another located above the bottom of the stairs.  (Def.'s Mem. Exs. 3, 4.)  Plaintiff also acknowledged in her deposition that there is a light switch at the base of the

stairs and stated that she did not attempt to turn it on. (Def.'s Mem. 4-5; Foglia Dep. 36:11-37:1.)

Plaintiff further stated that as she was descending the stairs, she was holding the railing to her right and was "coming with the feeling of the railing . . . ."  (Def.'s Mem. 3; Foglia Dep. 47:9-14.)  Immediately prior to Plaintiff's fall, she did not follow the railing as it turned 180 degrees and continued to the base of the stairs.  (Def.'s Mem. 4; Foglia Dep. 39:2-40:17, 46:22-47:8, 50:4-12.)  Plaintiff had been at the property on at least two occasions prior to her fall, and had successfully ascended and descended the stairs.  (Def.'s Mem. 5; Foglia Dep. 21:6-16, 22:5-18.)

    B.    Procedural Background

On December 22, 2011, Plaintiff filed a Complaint in the Circuit Court of Fairfax, Virginia. [Dkt. 1-1.]  Defendant was not served with the Complaint until January 6, 2012.  On January 30, 2012, Defendant properly removed the action to this Court pursuant to its diversity jurisdiction.  [Dkt. 1.]  The Complaint contains two counts:  negligence *per se* (Count I)[2] and negligence (Count II).

On March 7, 2012, the Court granted in part and denied in part Defendant's Motion to Dismiss.  [Dkts. 16, 17.]  The

---

[2] Count I is actually labeled "Violation of the [Virginia Uniform Statewide Building Code ("VUSBC")]."  (*See* Compl. at 4.)  In its partial denial of Defendant's Motion to Dismiss, the Court noted that the VUSBC does not provide a right of action, but allowed Count I to survive as a claim for negligence *per se*.  (*See* Mem. Op. [Dkt. 16] 6-7.)

6

Court denied the Motion to Dismiss with respect to Count I, but granted it with respect to Plaintiff's claim for punitive damages.

Defendant filed a Motion for Summary Judgment on July 6, 2012, [Dkt. 43] and a Motion to Exclude Plaintiff's Expert Brad Strange on July 13, 2012 [Dkt. 47]. Plaintiff opposed Defendant's motions on July 17, 2012 [Dkt. 50], and July 24, 2012 [Dkt. 53], respectively. Defendant filed replies on July 20, 2012 [Dkt. 52], and July 27, 2012 [Dkt. 54].

Defendant's Motion for Summary Judgment and Motion to Exclude are now before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party must come forward and show that a genuine dispute exists. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted).

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, the court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Defendant argues that summary judgment should be granted as to Plaintiff's negligence *per se* claim because

Plaintiff has failed to set forth any evidence demonstrating that the stairway violated a building code. Defendant also argues that summary judgment should be granted as to Plaintiff's negligence claim because Plaintiff cannot establish the existence of an unreasonably dangerous condition and because Plaintiff is barred from recovery by her own contributory negligence. The Court addresses each argument in turn.

### A. Negligence *Per Se*

Under Virginia law, the elements of a claim for negligence *per se* are well-established.[3] The plaintiff must demonstrate (1) that the defendant violated a statute enacted for public safety; (2) that the plaintiff belongs to the class of persons for whose benefit the statute was enacted, and that the harm that occurred was of the type against which the statute was designed to protect; and (3) that the statutory violation is a proximate cause of the plaintiff's injury. *Kaltman v. All American Pest Control, Inc.*, 281 Va. 483, 496, 706 S.E.2d 864, 872 (Va. 2011). Here, there is no evidence in the record demonstrating that the stairway violated a statute or building code. Indeed, Plaintiff does not contend otherwise, and withdrew her negligence *per se* claim at oral argument.

---

[3] As a federal court exercising diversity jurisdiction, the Court must apply the choice of law rules of the forum state, *i.e.*, Virginia. *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). With respect to tort claims, Virginia applies the *lex loci delicti*, the law of the place of the wrong. *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998). Because Plaintiff was injured at a property located in Vienna, Virginia, Virginia law governs.

Accordingly, summary judgment is granted as to Plaintiff's negligence *per se* claim.

    B.    Negligence

        1.    Dangerous Condition

The parties agree that Plaintiff was an invitee of Defendant's premises for purposes of Defendant's Motion for Summary Judgment. *See Pearson v. Canada Contracting C*o., 232 Va. 177, 183, 349 S.E.2d 106, 110 (Va. 1986) (an invitee is "one who enters pursuant to the express or implied invitation of the owner or occupier other than for a social purpose or for his own convenience.") (citations omitted). "[A]n owner or occupant of lands . . . who directly or by implication, invites or induces others to go thereon or therein, owes to such person a duty to have the premises in a reasonably safe condition, and to give warning of latent or concealed defects." *Webber v. Speed Channel, Inc*., 472 F. Supp. 2d 752, 756 (E.D. Va. 2007) (quoting *Acme Mkts. v. Remschel*, 181 Va. 171, 176-77, 24 S.E.2d 430, 433 (Va. 1943)). An owner is not, however, an insurer of the invitee's safety. *Id.* (citing *Acme Mkts.*, 181 Va. at 177, 24 S.E.2d at 433).

To recover on her negligence claim, Plaintiff must first establish the existence of a dangerous condition on the premises. *See Kendrick v. Vaz, Inc.*, 244 Va. 380, 385, 421 S.E.2d 447, 450 (Va. 1992). Defendant argues that Plaintiff's

10

negligence claim fails because she has failed to demonstrate that the stairway constituted such a condition. The Court agrees.

Defendant cites *Morrison-Knudsen Co., Inc. v. Wingate*, 254 Va. 169, 492 S.E.2d 122 (Va. 1997), in support of his position. In that case, a jury verdict was returned for the plaintiff after he established at trial that the landing where he fell was composed of "real smooth concrete," as opposed to the "rough, broom-finished concrete" on the stairs and other areas of the facility that the defendant designed and built. *Id.* at 171-72, 492 S.E.2d at 123-24. The plaintiff also relied upon an acknowledgement by the defendant's quality control officer that the "broom-finished" concrete would provide more traction on the stairs than "smooth-finished" concrete, especially in damp weather. *Id.* at 173, 492 S.E.2d at 124. In overturning the jury verdict, the court held as follows:

> [T]he burden was not upon the defendants to show that they complied with industry standards or building codes, if any were applicable. Rather, the burden was upon the plaintiff to show that the defendants deviated from the standard of ordinary care, either by failing to observe applicable trade customs and building code provisions or by some other defalcation.

*Id.*, 492 S.E.2d at 124. At most, the plaintiff had proven that the rougher surface provided better traction than the smooth surface, but just "because one method of finishing concrete may

11

be better or preferable to another does not mean that the other is necessarily unacceptable or that its use would constitute negligence" under similar circumstances. *Id.*, 492 S.E.2d at 125. According to Defendant, the same logic applies here. That is, the mere fact that the stairway *could* have been designed differently does not support the contention that the design used was unreasonably dangerous.

Plaintiff attempts to distinguish *Morrison-Knudsen* on the basis that the quality control officer in that case testified that "there [wa]s no custom in the building industry concerning broom-finished versus trowel-finished concrete." *Id.*, 492 S.E.2d at 124. Plaintiff contends, without citation, that this case is different, as there is "evidence that [Plaintiff] fell because the handrail ended short of the last three steps and that it is custom for it to extend to the end." (Opp'n [Dkt. 51] 5.) Contrary to Plaintiff's assertion, the handrail on the right descending side of the stairway is continuous; it turns 180 degrees at the top of the three-step landing and extends to the bottom. Plaintiff's own witness, Mr. Strange acknowledged as much. (See Strange Dep. 42:19-43:3.)

Mr. Strange's testimony regarding "general building practice," *i.e.*, custom, concerned the absence of an additional handrail at the bottom of the stairway to assist persons ascending the stairs from the opposite side from where Plaintiff

12

was descending. (Strange Dep. 64:21-66:1.) The purpose of the additional handrail would not, then, have been to assist someone who, like Plaintiff, was descending on the right descending side of the stairway. (Strange Dep. 66:16-67:3.) This evidence of custom is, therefore, irrelevant.

Plaintiff next points out that Mr. Strange did not speak to the "practicality" of turning "to continue availing [sic] the safety and support of the handrail when the individual is descending a straight stairway, as opposed to, for example, a spiral."[4] (Opp'n 6.) Plaintiff appears to contend that the aforementioned 180-degree turn in the handrail constitutes a design flaw. It is curious that Plaintiff's argument is based on an omission made by her own witness. Indeed, Plaintiff has presented no evidence that the 180-degree turn amounts to a design flaw or is otherwise impractical. But in any event, this argument is precisely of the sort rejected in *Morrison-Knudsen*. Plaintiff's belief that a handrail of a different design would be better does not mean that the handrail in question was unsafe. *See Morrison-Knudsen*, 254 Va. at 173, 492 S.E.2d at 125. Without additional evidence, no reasonable juror could find that the stairway constituted a dangerous condition. Plaintiff therefore cannot make a *prima facie* showing of an

---

[4] Mr. Strange did, however, acknowledge that for a person descending the stairway, "[y]ou do have the balustrade [on the right], so you would normally be holding onto the railing descending the stairs. And *if you're wanting to be safe*, you would stay on the handrail all the way down to the rail side of the stairs." (Strange Dep. 42:19-43:3 (emphasis added).)

element necessary to establish Defendant's negligence. Accordingly, summary judgment on Plaintiff's negligence claim is warranted.

### 2. Contributory Negligence

Even assuming the stairway did constitute a hazardous condition, summary judgment on Plaintiff's negligence claim would still be appropriate because the evidence reveals that Plaintiff was contributorily negligent. As a matter of law, if a plaintiff's own negligence "contributes to the mishap, it bars recovery." *Fein v. Wade*, 191 Va. 203, 209, 61 S.E.2d 29, 32 (1950). Here, Defendant asserts that any hazard posed by the stairway was of an open and obvious character. An owner has no duty to warn invitees "of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs v. Webb Bldg. LP*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (Va. 1986). It is axiomatic in Virginia that if the defect is open and obvious, it is the invitee's "duty to observe the defect." *Town of Va. Beach v. Starr*, 194 Va. 34, 36, 72 S.E.2d 239, 240 (Va. 1952). The Supreme Court of Virginia has held that "[a] person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (Va. 1991). This principal remains true even if the Plaintiff did not see the open and

obvious condition over which she tripped. *Cameron v. K Mart Corp.*, No. 3:09cv00081, 2010 WL 2991014, at *3 (W.D. Va. July 30, 2010). Accordingly, the question of whether a party was contributorily negligent turns on whether "the danger complained of was open and obvious to a person exercising reasonable care for his own safety." *Tazewell Supply Co. v. Turner*, 213 Va. 93, 95, 189 S.E.2d 347, 349 (1972).

The configuration of the home leads to the inevitable conclusion that any hazard posed by the design of the stairway and handrail was open and obvious. The handrail's design in the area of the stairway landing requires an individual following the handrail to adjust his or her movement by turning approximately 180 degrees. Proceeding forward without making the necessary directional adjustment results in encountering a three-step interval upon the landing wherein there is no benefit of a handrail. An ordinary individual would, in the exercise of reasonable care, unquestionably note this distinctive configuration and any potential hazard it poses as he or she entered the home or ascended the steps. As the sole means of ascent to the rooms on the second floor, the stairway and handrail are highly conspicuous features of the home. Their distinctive arrangement is observable in plain view from the first floor and a person of ordinary vision would find their notice virtually inevasible. (Def.'s Mem. Ex. 4.)

Additionally, there is no question as to whether Plaintiff herself had actual notice of the alleged dangerous condition. Plaintiff does not dispute whether she had observed the configuration of the staircase and handrail prior to the date of her injury. At the time of the incident, Plaintiff had been a party to a contract for the purchase of the property for four months. (Ex. 1.) Plaintiff stated through her testimony that she visited the property during daylight hours on previous occasions. (Pl.'s Dep. 21:6-12; 22:5-18.) Plaintiff has affirmatively stated that she successfully ascended and descended the stairway on those visits. (*Id*.) In addition, the Plaintiff successfully ascended the stairway on the date of the accident itself. (Pl.'s Dep. 37:2-12.)

When a plaintiff is injured by an open and obvious hazard, she has the burden of showing "conditions outside of [her]self which prevented him seeing the defect, or which would excuse [her] failure to observe it." *Richeson v. Big Lots Stores, Inc.*, No. 6:11-cv-00048, 2012 U.S. Dist. LEXIS 58869, at *8 (W.D. Va. Apr. 27, 2012) (quoting *City of S. Norfolk v. Dail*, 187 Va. 495, 505, 47 S.E.2d 405, 409 (Va. 1948)). However, more is needed than mere allegation of a distraction or concurrent circumstances in order to create a jury issue. "It [is] necessary for [the] plaintiff to establish that his excuse for inattention was reasonable, *i.e.*, that the distraction was

16

unexpected and substantial." *Id.* (quoting *West v. City of Portsmouth*, 217 Va. 734, 737, 232 S.E.2d 763, 765 (Va. 1977)). Indeed, "[t]o hold otherwise would permit a plaintiff in any case to avoid contributory negligence by showing an insignificant reason for failing to be observant." *Id.*

In this case, Plaintiff has not met her burden, having failed to proffer sufficient evidence to excuse her failure to observe the open and obvious condition of the stairway and handrail. She attempts to circumvent the issue of the condition's open and obvious character by stating that she descended the stairway in the dark. The darkness of the stairway does not in itself constitute a distraction that was sufficiently unexpected or substantial so as to excuse her inattention. Plaintiff has herself stated that the darkness was existent prior to her descent. (Opp'n 9.) Simply because she may have failed to observe the condition on that particular occasion does not give rise to a jury issue. She was also not without the option of illuminating the area by means of overhead lighting and she has not proffered sufficient evidence of attendant circumstances that would excuse her from attempting to do so. Similarly, Plaintiff has not supported her assertion that she did not have a choice in descending the stairway in the dark on the date of the accident. (*Id.*) Indeed, but for the Plaintiff's inattention or neglect she would have observed a

17

nearby switch at the top of the stairway that would have activated the overhead lights. (Ex. 5.) Her assertion that she had no means of determining their functionality does not resonate when she has failed to offer evidence that she made so much as an attempt to illuminate the area.

In effect, Plaintiff's carelessness and disregard for her own safety played a significant role in exacerbating any hazard. Ultimately, Plaintiff's proffered excuses regarding her inability to recall the features of the house and decision to descend the stairway in darkness are not supported by evidence and speak to her inattention both to the allegedly hazardous condition itself and to her own personal safety. Accordingly, summary judgment on Plaintiff's negligence claim is also warranted because Plaintiff was contributorily negligent as a matter of law.[5]

---

[5] Having granted Defendant's Motion for Summary Judgment with respect to both of Plaintiff's claims, the Court will deny Defendant's Motion to Exclude as moot.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Defendant's Motion to Exclude as moot.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 7, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |